IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ENOS CURRY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:13-cv-249 (MTT) |
| | ) |
| Sheriff JERRY MODENA and Chief Deputy RUSSELL NELSON, | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on the Defendants' motion to dismiss (Doc. 7). For the following reasons, the Defendants' motion is **GRANTED**, and the complaint is **DISMISSED with prejudice**.

**I. Insufficient service of process**

The Defendants contend the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because the Plaintiff failed to serve them within 120 days of filing the complaint as required by Fed. R. Civ. P. 4(m). On July 11, 2013, the Plaintiff filed a complaint against the Defendants asserting claims of race discrimination pursuant to Title VII. On November 12, 2013, after the 120-day time period expired, the Court ordered the Plaintiff to show cause by December 12, 2013 why his case should not be dismissed for failure to serve the Defendants. (Doc. 4). On November 16, 2013, the Plaintiff personally served the Defendants. (Docs. 5, 6). The Plaintiff never responded to the Court's Order or the Defendants' motion to dismiss.

This is not the first time the Plaintiff has been before the Court in this precise situation. On June 11, 2013, the Court granted the Defendants' motion to dismiss an identical case for insufficient service of process. Order on Motion to Dismiss, *Curry v. Modena*, No. 5:12-CV-462 (MTT), 2013 WL 2629531 (M.D. Ga.).[1] In that case, the Plaintiff also failed to properly serve the Defendants within 120 days of filing the complaint and personally served them only after the Court's show-cause Order. Instead of complying with one of the permissible methods of service in Fed. R. Civ. P. 4(e), the Plaintiff mailed a copy of the complaint and summons to the Defendants without enclosing a waiver of service form or requesting a waiver of service. The Court specifically explained that mailing a complaint and summons is not a proper method of service in its prior dismissal Order. Order on Motion to Dismiss, *Curry v. Modena*, No. 5:12-CV-462 (MTT), 2013 WL 2629531 (M.D. Ga.). Nonetheless, the Defendants allege, and the Plaintiff does not dispute, that the Plaintiff did the same thing in this case and simply mailed both Defendants a copy of the complaint and summons without enclosing a waiver form or seeking a waiver. (Docs. 8 at 4-5, 9-4, 9-5). The only difference between the two cases is the Plaintiff responded to the Court's Order in the previous case instead of leaving the Court to guess at his reasons for failing to timely serve the Defendants.

The Court must extend the time for service if the Plaintiff can show good cause for the failure to timely serve the Defendants. Fed. R. Civ. P. 4(m). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than

---

[1] As discussed below, it is apparent this dismissal was effectively a dismissal with prejudice because the statute of limitations had run. Had the Plaintiff advised the Court of this, the Court would have considered whether dismissal was appropriate. However, the Plaintiff never responded to the Defendants' motion to dismiss, and his response to the show-cause order made no mention of it.

inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). When a district court finds a plaintiff fails to show good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. Given that the Plaintiff has provided no explanation whatsoever for the failure to timely serve the Defendants, the Plaintiff has failed to show good cause exists. Further, there are no other circumstances in this case that warrant an extension of time.

## II. Statute of limitations

The Defendants further contend that the Plaintiff's case is now time-barred and should be dismissed with prejudice. A plaintiff must file his complaint within 90 days of receiving his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") in order to maintain a claim pursuant to Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). According to the complaint, the EEOC issued a right-to-sue letter on August 23, 2012, and the Plaintiff received the letter on August 25, 2012. (Doc. 1 at 3).[2] Therefore, the 90-day period began to run on August 25, 2012 when the Plaintiff received the letter and expired on November 23, 2012. *See Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999); *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991). The Court's dismissal of the Plaintiff's first case in June 2013 effectively operated as a dismissal with prejudice because the 90-day limitations period had already expired. *See Lau v. Klinger*, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999)

---

[2] A copy of the right-to-sue letter is also attached as an exhibit to the Defendants' motion. (Docs. 8-8; 9-8).

(citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995)); *see also Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (noting dismissal without prejudice for failure to comply with a court order effectively operates as a dismissal with prejudice if entered after the statute of limitations has expired).

Though the 90-day time period is not jurisdictional, the Plaintiff has not provided the Court with any basis for equitable tolling. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Although a court may equitably toll a limitations period, the plaintiffs must establish that tolling is warranted."); *Bryant v. U.S. Dep't of Agriculture*, 967 F.2d 501, 504 (11th Cir. 1992) (explaining period for filing Title VII actions is akin to statute of limitations and subject to equitable tolling). Further, "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Bost*, 372 F.3d at 1242 (finding dismissal of an ADEA complaint without prejudice did not allow a later complaint to be filed outside statute of limitations).

Because the Plaintiff failed to timely serve the Defendants and because the Plaintiff's claim is time-barred, the Defendants' motion to dismiss (Doc. 7) is **GRANTED**. The Plaintiff's complaint is **DISMISSED with prejudice**.

**SO ORDERED**, this 22nd day of January, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT